ROBERT T. SMITH V. STATE

No. 33,006. March 15, 1961

Motion for Rehearing Overruled April 19, 1961

WOODLEY, Presiding Judge, absent.

*Jack Lovette,* and *J. M. Donald,* Bowie, for appellant.

*John Lindsey,* District Attorney, Jacksboro, *Clyde Suddath,* Henrietta, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge

Theft of personal property of the value of over $50 is the offense, with punishment assessed at two years in the penitentiary.

The case was tried by the district court of Clay County upon a change of venue from Wise County.

Appellant entered a plea of not guilty. He did not introduce any evidence during the trial or upon his motion for a new trial.

The evidence is undisputed that appellant took twenty joints of oil well tubing from a pipe yard in Wise County.

E. M. Fisk, named in the indictment as the owner, testified that he was in charge of the yard and the pipe in it and that he did not give appellant or anyone else permission to remove the joints of tubing that were found to be missing from the lot.

Appellant related the transaction in a conversation with the

sheriff of Wise County over long distance telephone from Sherman, Texas, telling him where in Fort Worth he had sold the pipe.

The evidence reflected that the pipe was recovered, and appellant was positively identified as the seller of the pipe. He subsequently went with the officers and pointed out to them the exact location of the pipe at the time he took it.

Appellant made a voluntary confession, which was introduced at the trial.

In one formal bill of exception it is contended by appellant that the trial court erred in giving oral admonition to the jury shortly after it was empaneled to try the case.

Any error that might have been committed was cured by the trial court's instructions to the jury in his written charge. The bill is without merit, and appellant's contention is overruled.

By numerous informal bills of exception, appellant contends that, because he was under arrest at the time, the trial court erred in admitting the oral statement he made over long distance telephone to the sheriff of Wise County.

Insisting that his confession was not made voluntarily and that he was not warned prior to the making thereof, appellant complains of its admission into the evidence.

The statement made orally over long distance by appellant was clearly admissible, because the stolen property was recovered as a result of such statement. And it is our conclusion that appellant's statement or confession was voluntarily made after he had been adequately warned.

All contentions brought forward in appellant's respective informal bills of exception are overruled.

Finding the evidence sufficient to sustain the verdict and finding no reversible error, the judgment is affirmed.